# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No. 5:25-MJ-236-MJP |
| | ) |
| | ) |
| ROBERT W. JOHNSON, | ) |
| | ) |
| **Defendant** | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the dates of on or about June 2025 to July 2025 in the county of Onondaga in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 152(3) | False Declaration in Bankruptcy |
| 18 U.S.C. § 157 | Bankruptcy Fraud |
| 18 U.S.C. § 1519 | Falsification of Bankruptcy Records |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

_____
*Complainant's signature*

A. Zachary Glaze, Special Agent
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: August 13, 2025

_____
*Judge's signature*

City and State: Rochester, New York

Hon. Mark W. Pedersen, U.S.M.J.
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,**

**v.**

**ROBERT W. JOHNSON,**

      **Defendant.**

Case No. 5:25-MJ-236-MJP

**AFFIDAVIT IN SUPPORT OF
A CRIMINAL COMPLAINT**

I, A. Zachary Glaze, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of a criminal complaint charging ROBERT W. JOHNSON ("JOHNSON") with violating Title 18, United States Code, Section 152(3), False Declaration in Bankruptcy; Title 18 United States Code, Section 157, Bankruptcy Fraud and Title 18 United States Code, Section 1519, Falsification of Bankruptcy Records.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since August 2023. I am currently assigned to the Albany Division, Syracuse Resident Agency. I have been involved in numerous investigations involving threats, wire fraud, investment fraud, healthcare fraud, and civil rights violations. I have gained experience through training by the FBI and the investigations in which I have personally participated. Prior to the FBI, I had more than 14 years of experience in federal law enforcement as an officer with the United States Park Police in the Washington, D.C. Metropolitan area. With that agency, I had been involved with numerous investigations involving drugs, thefts, assaults, deaths, protection of government property, threats, traffic violations, and more.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers. This affidavit is intended to show merely that there is probable cause for the requested complaint and arrest warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that JOHNSON violated Title 18, United States Code, Section 152(3), False Declaration in Bankruptcy; Title 18 United States Code, Section 157, Bankruptcy Fraud and Title 18 United States Code, Section 1519, Falsification of Bankruptcy Records.

## PROBABLE CAUSE

5. On July 17, 2025, the FBI was contacted by a local law enforcement official (Law Enforcement Victim) who stated that JOHNSON had filed involuntary bankruptcy petitions in the Western District of Michigan on July 9, 2025, the Southern District of Mississippi on July 7, 2025, and the Northern District of Iowa on July 7, 2025, against him. The petitions filed in the Western District of Michigan, Southern District of Mississippi, and Northern District of Iowa all contain declarations under penalty of perjury stating that the information provided in the petitions is true and correct. All the declarations contain the signature of a Robert W. Johnson dated June 30, 2025. The petitions claimed in part that the Law Enforcement Victim was a commodity broker engaged in white collar crimes and wire fraud who owed JOHNSON $99,999,999.00. Further FBI investigation including an interview of the Law Enforcement Victim revealed that he was not a commodities broker, he had no commercial or financial dealings with the defendant, owed no debt to Johnson and had no ties to Michigan, Mississippi, or Iowa that would have allowed for a bankruptcy petition to be filed in those courts. The petitions were mailed to the United States Bankruptcy Court in the aforementioned districts from Syracuse, New York.

6. On July 17, 2025, the FBI was contacted by the United States Trustee Office about several suspected false federal involuntary bankruptcy petitions that had been filed in the Eastern District of New York, the Middle District of Florida, and the District of Montana against an Onondaga County State Court Judge (Judicial Victim 1).

7. The petition filed July 9, 2025, in the Eastern District of New York contains a declaration under penalty of perjury stating that the information provided in the petition is true and correct. The declaration contains the signature of Robert W. Johnson dated June 30, 2025. The petition claims in part that Judicial Victim 1 was a commodity broker engaged in white collar crimes and wire fraud who owed JOHNSON $99,999,999.00 in business debts. Further FBI investigation, including an interview of Judicial Victim 1, revealed that he was not a commodities broker, he had no commercial or financial dealings with the defendant, owed no debt to Johnson and had no ties to EDNY that would have allowed for a bankruptcy petition to be filed in that court. The petition was mailed to the United States Bankruptcy Court in the aforementioned district from Syracuse, New York.

8. The petition filed July 25, 2025, in the Middle District of Florida contains a declaration under penalty of perjury stating that the information provided in the petition is true and correct. The declaration contains the signature of a Robert W. Johnson dated July 9, 2025. The petition claims in part that Judicial Victim 1 was a stockbroker engaged in sex assaults, ponzi schemes and fraud who owed JOHNSON $99,999,999.00 in consumer debts. Further FBI investigation, including an interview of Judicial Victim 1, revealed that he was not a stock broker, he had no commercial or financial dealings with the defendant, owed no debt to Johnson, had not engaged in any type of fraud or ponzi scheme, had not sexually assaulted Johnson and had no ties to EDNY that would have allowed for a bankruptcy petition to be filed in that court. The petition

3

was mailed to the United States Bankruptcy Court in the aforementioned district from Syracuse, New York.

9. The petition filed July 9, 2025, in the District of Montana contains a declaration under penalty of perjury stating that the information provided in the petition is true and correct. The declaration contains the signature of Robert W. Johnson dated June 30, 2025. The petition claims in part that Judicial Victim 1 was a commodity broker engaged in white collar crimes and wire fraud who owed JOHNSON $99,999,999.00 in business debts. Further FBI investigation, including an interview of Judicial Victim 1, revealed that he was not a commodities broker, he had no commercial or financial dealings with the defendant, owed no debt to Johnson and had no ties to Montana that would have allowed for a bankruptcy petition to be filed in that court. The petition was mailed to the United States Bankruptcy Court in the aforementioned district from Syracuse, New York.

10. On July 22, 2025, the FBI began investigating involuntary federal bankruptcy petitions that had been filed in the District of Montana on July 14, 2025, the Middle District of Pennsylvania on July 11, 2025, and the District of Delaware on July 25, 2025, against a Cayuga County Supreme Court Judge (Judicial Victim 2). The petitions claimed in part that Judicial Victim 2 was a stockbroker engaged in ponzi schemes who owed JOHNSON $99,999,999.00 in consumer debt. Further FBI investigation, including an interview of the Judicial Victim 2, revealed that he was not a stockbroker, he had no commercial or financial dealings with the defendant, owed no consumer debt to Johnson and had no ties to Montana, Pennsylvania, or Delaware that would have allowed for a bankruptcy petition to be filed in those courts. The petitions were mailed to the United States Bankruptcy Court in the aforementioned districts from Syracuse, New York.

11. On July 22, 2025, the FBI began investigating a federal bankruptcy petition that had been filed in the Northern District of West Virgina on July 7, 2025, against a non-profit organization headquartered in Syracuse, New York dedicated to ending hunger and homelessness in various communities located in NDNY (Non-Profit Victim). The petition filed in the Northern District of West Virginia contains a declaration under penalty of perjury stating that the information provided in the petition is true and correct. The declaration contains the signature of Robert W. Johnson dated June 30, 2025.

12. The petition claimed in part that the Non-Profit Victim was voluntarily filing a bankruptcy petition and that it had "environmental and health hazards, money laundering and ponzi schemes" associated with it. The petition stated that the Non-Profit had more than $50 billion in assets and liabilities and over 100,000 creditors. Further FBI investigation, including a review of the declaration filed by the Non-Profit's Chief Financial Officer in the West Virginia Bankruptcy case, revealed that all of the above stated claims made by Johnson are false. Furthermore, the Non-Profit has no ties to West Virginia that would have allowed for a bankruptcy petition to be filed in that court. The petition was mailed to the United States Bankruptcy Court in the aforementioned district from Syracuse, New York.

13. On August 12, 2025, JOHNSON was interviewed by law enforcement at the Rescue Mission on Dickerson Street in Syracuse, New York. The interview was audio recorded. JOHNSON was not in custody and, prior to the interview, JOHNSON was told that he was free to end the interview and leave at any time. JOHNSON subsequently admitted to drafting, signing, and mailing all the above-referenced petitions in and from Syracuse, New York.

14. Based on the information described above, there is probable cause for the Court to authorize a criminal complaint charging JOHNSON with violating Title 18, United States Code,

Section 152(3), False Declaration in Bankruptcy; Title 18 United States Code, Section 157, Bankruptcy Fraud and Title 18 United States Code, Section 1519, Falsification of Bankruptcy Records.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

_____
A. Zachary Glaze
Special Agent

I, the Honorable Mark W. Pedersen, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on August 13, 2025 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Mark W. Pedersen
United States Magistrate Judge